

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2008

# Rozzelle v. Rossi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4192

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Rozzelle v. Rossi" (2008). 2008 Decisions. Paper 154.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/154

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4192

_____

KEITH ROZZELLE,
*Appellant*,

v.

CHARLES ROSSI, Health Care Administrator;
DR. FALOR; EMSA and/or PRISON HEALTH SERVICES;
RAYMOND RAMSEY

_____

Appeal from the United States
District Court for the Western District of Pennsylvania
(Civ. No. 98-1738)
District Court Judge: Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 21, 2008

_____

Before: FUENTES, HARDIMAN and GARTH, *Circuit Judges*,
(Opinion Filed: December 5, 2008)

_____

**OPINION**

_____

GARTH, *Circuit Judge*:

Appellant Keith Rozzelle ("Rozzelle") sued Appellees herein, Charles Rossi ("Rossi"), healthcare administrator for Pennsylvania Department of Corrections ("DOC") correctional institute SCI-Greene; Stanley Falor, M.D. ("Dr. Falor"), one of Rozzelle's treating physicians; Emergency Medical Services Associates ("EMSA"), an independent contractor that provided health care to inmates at SCI-Greene; and Raymond Ramsey ("Ramsey"), who worked for EMSA (collectively "Defendants"). Rozzelle claims the Defendants violated his Eighth and Fourteenth Amendment rights while he was incarcerated.

Rozzelle suffers from severe cystic acne and alleges that Defendants were deliberately indifferent to his medical needs when they denied him the acne drug Accutane. He claims this resulted in painful, open lesions and permanent acne scarring.

Rozzelle was successfully treated with Accutane at various prison facilities until his transfer to SCI-Greene in September, 1996. Within a short time, Accutane was no longer prescribed or provided to Rozzelle due to Rozzelle's increased liver enzymes.[1] Appx. 51a. After Defendant Dr. Falor tried other drugs, Dr. Falor requested a dermatology consult.

On July 21, 1998, Dr. Small, the outside dermatologist, concluded that Rozzelle

---

[1] Potential side effects of Accutane include elevation of liver enzymes and clinical hepatitis. Appx. 52a.

could be considered for Accutane pending blood analysis. The tests were normal, so on

July 26, 1998, Dr. Falor ordered a non-formulary[2] request for Accutane from EMSA; this

request was denied, as was a subsequent request. Appx. 53a. EMSA suggested that Dr.

Falor prescribe Retin-A cream. Rozzelle used the cream until November 9, 1998, when

Dr. Falor noted that Rozzelle's acne was "controlled." Id. Rozzelle was then given

medicated soap and shampoo and Benadryl. Rozzelle still requested Accutane.

Rozzelle filed two prison grievances, neither of which were appealed.[3] They were

denied and Rozzelle filed suit on October 21, 1998.

On April 22, 2000, the District Court granted summary judgment to

Superintendent Johnson but denied summary judgment to Rossi and Dr. Falor. The

District Court also denied a motion to dismiss filed by Dr. Falor. Rozzelle amended his

complaint to add claims against EMSA and Ramsey.

On April 3, 2003, the District Court sua sponte dismissed Rozzelle's complaint for

---

[2] A "formulary" is a predetermined list of economical medications that doctors at an institution may prescribe; non-formulary drugs are drugs that do not appear on the approved list of medications. Appx. 40a.

[3] Pursuant to Pennsylvania DC-ADM 804, the Inmate Grievance Review System, there is a three-step grievance process. First, an inmate files a grievance with a grievance coordinator, who forwards it to an officer for initial review. Supp. Appx. 17a. This review must occur before any appeal can be sought. Second, after receiving a written response, the inmate may appeal the initial decision to the superintendent; this first-level appeal can only address issues which were raised in the grievance, and the inmate "must appeal in this manner prior to seeking Final Review." Id. The facility manager notifies the inmate of the resolution of the first-level appeal, and if the inmate is dissatisfied, he may pursue step three – final review (by sending a request to the Chief Hearing Examiner). Supp. Appx. 18a; 10a.

failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Rozzelle appealed.

We issued an unpublished per curiam opinion on October 14, 2004, affirming the grant of summary judgment to Johnson. However, we found sufficient evidence for Rozzelle to state a cause of action against Dr. Falor, Rossi, EMSA, and Ramsey, and we remanded for further proceedings.

Dr. Falor, Rossi, EMSA, and Ramsey jointly moved for summary judgment on January 30, 2007. The Magistrate Judge's report and recommendation ("R&R") concluded that the Defendants' motions for summary judgment should be granted for failure to exhaust administrative remedies and because Rozzelle's claims were meritless. On September 28, 2007, the District Court adopted the R&R. Rozzelle timely appealed. We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343.

I.

We review an order granting summary judgment de novo. Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). In order to bring a Section 1983 action challenging prison conditions, a prisoner must exhaust all administrative remedies, which means no remedies remain available, and the prisoner has not procedurally defaulted. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002); Spruill v. Gillis, 372 F.3d 218, 227-31 (3d Cir. 2004).

The record includes an affidavit by Cindy Watson, grievance review officer in

charge of records of appeals for the Pennsylvania DOC. Supp. Appx. 1a. As custodian of DOC records, Watson reviewed the documents and found that Rozzelle "has not completed all of the necessary steps in the grievance procedure relative to those grievances." Supp. Appx. 2a. As stated, "[h]e did not file for final appeal concerning either one of those grievances." Id.

We affirm the District Court's granting of summary judgment to Dr. Falor, Rossi, EMSA, and Ramsey on lack of exhaustion grounds.

II.

In any event we find no Eighth Amendment violation. An Eighth Amendment analysis is two-pronged: (1) the person inflicting the injury was *deliberately indifferent*, and (2) the medical needs were objectively serious.[4] Reynolds v. Wagner, 128 F.3d 166, 172 (3d Cir. 1997).

"[W]here 'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care,' the deliberate indifference standard has been met." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)(internal citations omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Here, there was no intentional refusal to provide care for Rozzelle's acne, and a

---

[4] Rozzelle contends his condition is serious enough to satisfy the second prong of our inquiry. This contention does not appear to be disputed.

-5-

mere allegation of malpractice does not raise an issue of constitutional import.

There is no evidence that Dr. Falor was deliberately indifferent. To the contrary, Dr. Falor treated Rozzelle numerous times, and he attempted to acquire Accutane and then treated Rozzelle with substitute medications until Rozzelle's acne was controlled. As we have noted, Rozzelle was kept off Accutane for safety reasons. According to Dr. Falor's notes, Dr. Falor thought the alternative treatments were successful. Appx. 53a, 54a. Even if Dr. Falor had erred, such an error would merely amount to malpractice.

Furthermore, Rozzelle offers no new evidence to show deliberate indifference by Rossi, EMSA, and Ramsey. We agree with the District Court that Rozzelle's complaint does not meet the standard of deliberate indifference to his medical needs.